**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Hon. Robert E. Blackburn**

Civil Action No.:   <u>1:14-cv-189</u>

**MICHAEL SCATA and JEANNIE SCATA**, individually and on behalf of all others
similarly situated,

       Plaintiffs,

v.

**NATIONSTAR MORTGAGE LLC**, a Delaware limited liability company,

       Defendant.

_____

**[PROPOSED] CIVIL SCHEDULING ORDER**
_____

**1.  DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

       The scheduling conference took place on May 20, 2014. The following counsel

appeared on behalf of Plaintiffs Michael and Jeannie Scata ("Plaintiffs") and Defendant

Nationstar Mortgage LLC ("Defendant"), respectively:

<u>On behalf of Plaintiffs</u>:                  <u>On behalf of Defendant</u>:

Megan Lindsey                           Erik Kemp
Edelson PC                               Mary Kate Kamka
999 W. 18th Street, Suite 3000        Severson & Werson
Denver, Colorado 80202               One Embarcadero Center, Suite 2600
                                     San Francisco, California 94111

**2.  STATEMENT OF JURISDICTION**

       Plaintiffs allege that the Court has jurisdiction under the Class Action Fairness

Act, 28 U.S.C. § 1332(d)(2). This claim is brought as a putative class action consisting of

over 100 class members in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, at least one member of the class of plaintiffs is a citizen of a State different from the Defendant, and none of the exceptions to CAFA jurisdiction exists.

Nationstar does not intend to dispute the Court's subject matter or personal jurisdiction at this time.

### 3. STATEMENT OF CLAIMS AND DEFENSES

**A.     Plaintiffs' Statement:** This case challenges Nationstar's deceptive and unfair business practices stemming from its failure to permanently modify borrower loans under the federal Home Affordable Modification Program ("HAMP") and its illegal referral of qualified borrowers to foreclosure. Plaintiffs Michael and Jeannie Scata applied for a loan modification through the HAMP in or around April 2011. To-date, Nationstar has not provided a response on their HAMP application and has instead referred the Scatas' loan to foreclosure *twice*—despite Nationstar's express written assurances that it would refrain from doing so while evaluating the Scata's modification application. Plaintiffs allege seven counts in their Complaint stemming from Nationstar's misrepresentations regarding its foreclosure and HAMP application review processes, and from Nationstar's failure to register as a collection agency in the State of Colorado.

Count I (Fraudulent Misrepresentation) and Count III (Promissory Estoppel) center on Nationstar's misrepresentations in a form letter ("Form Letter One") that it sent to Plaintiffs and putative Class members representing to its borrowers that their loans would be reviewed for a HAMP modification and that "during this evaluation period, your

home will not be referred to foreclosure." In reality, Nationstar referred their loans to foreclosure during the evaluation period.

Count II (Fraudulent Misrepresentation) and Count IV (Promissory Estoppel) center on Nationstar's misrepresentations in a second form letter ("Form Letter Two") that it sent to Plaintiffs and the putative Class members promising they had a set evalution period of time to submit additional documents to Nationstar and that "during this evaluation period, your home will not be referred to foreclosure." In reality, Nationstar ignored its own assurances and referred borrowers to foreclosure during the evaluation period.

Count V (Violation of the Fair Debt Collection Practices Act ("FDCPA")) and Count VI (Violation of the FDCPA) are allege on behalf of Subclasses of borrowers, alleging Nationstar threatened to foreclose on their loans even though Nationstar had waived the right to do so by virtue of representations that Nationstar made to its borrowers in Form Letter One and Form Letter Two.

Finally, in Count VII (Violation of the Colorado Fair Debt Collection Practices Act ("CRDCPA")), Plaintiffs and a Subclass of Colorado borrowers allege that Nationstar was required but failed to register as a collection agency in the State of Colorado.

### B.    Defendant's Statement:

Nationstar denies plaintiffs' allegations and denies that the case is appropriate for class certification.

Nationstar has moved to dismiss to dismiss Count VII on the ground that the Colorado Fair Debt Collection Practices Act's licensing regulation does not apply to loan

servicers like Nationstar.  Nationstar generally denies the remainder of plaintiffs'
allegations.

Nationstar dispute that the case will be amenable to class certification.  The
Scatas' complaint and its numerous exhibits higlights the factually intensive nature of
their claims and the alleged damages they seek to recover.  In addition, several of the
Scatas' claims have reliance elements that are inherently ill-suited for class certification.
Each borrower in the putative class also by definition entered into a security instrument
providing that any claims arising out of his or her home loan would be governed by the
law of the state where the property is located.  Applying 50 states' laws to plaintiffs'
claims would create manageability problems and overwhelm any common issue in the
case.

## 4. UNDISPUTED FACTS

Generally, the parties agree that it is premature to determine which facts are
contested and which are not, as discovery has not commenced as this is a putative class
action that raises several issues.  However, it is generally agreed that the Scatas have a
home loan whose servicing rights were transferred to Nationstar, that the Scatas fell
behind on the loan, and that the Scatas attempted to obtain a modification of the loan
from Nationstar.

## 5. COMPUTATION OF DAMAGES

### A.    Plaintiffs' Statement:

i.      Count I (Fraudulent Misrepresentation) – Plaintiffs seek actual,
compensatory, and punitive damages on behalf of themselves and the Form Letter One

Class resulting from being:

a.      Forced to re-send Nationstar HAMP applications and documents including large packets of information, either via fax or mail, at the borrowers' expense, even though Nationstar had no intention of actually reviewing the borrowers for a HAMP modification,

b.      Subject to or threatened with foreclosure,

c.      Forced to retain and pay for legal counsel to assist with fighting unlawful foreclosures, or to aid with seeking other alternatives to avoid foreclosure, or otherwise forced to expend time and resources fighting foreclosure proceedings that Nationstar could not and did not properly institute,

d.      Subject to emotional distress caused by Nationstar dragging out the HAMP process, sending default letters, claiming to have never received documents, instituting foreclosure proceedings even though the borrowers received form letters stating their homes would not be referred to foreclosure, and the embarrassment associated with public notices regarding foreclosure; and

e.      Forced to unreasonably wait while consideration of their loan modification applications were improperly delayed by Nationstar, thus depriving the borrowers of their promised modifications and delaying their receipt of program benefits and incentive payments.

The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiffs seek compensatory and punitive damages.

ii.      Count II (Fraudulent Misrepresentation) – Plaintiffs seek actual damages on behalf of themselves and the Form Letter Two Class including damages described in Section 5(A)(i) above. The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiffs seek compensatory and punitive damages.

iii.      Count III (Promissory Estoppel) – Plaintiffs seek actual damages on

behalf of themselves and the Form Letter One Class including damages described in Section 5(A)(i) above. The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiffs seek compensatory damages.

       iv.     Count IV (Promissory Estoppel) – Plaintiffs seek actual damages on behalf of themselves and the Form Letter Two Class including damages described in Section 5(A)(i) above. The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiffs seek compensatory damages.

       v.     Count V (Violation of the FDCPA) – Plaintiffs seek the maximum statutory damages provided under 15 U.S.C. § 1692k, in addition to declaratory relief and actual damages in an amount to be determined at trial, supported by discovery and expert testimony.

       vi.     Count VI (Violation of the FDCPA) – Plaintiffs seek the maximum statutory damages provided under 15 U.S.C. § 1692k, in addition to declaratory relief and actual damages in an amount to be determined at trial, supported by discovery and expert testimony.

       vii.     Count VII (Violation of the CFDCPA) – Plaintiffs seek the maximum statutory damages provided under C.R.S. § 12-14-113, in addition to declaratory relief and actual damages in an amount to be determined at trial, supported by discovery and expert testimony.

**B.     Defendant's Statement:**

Nationstar submits it is premature to calculate damages as the pleadings are not

settled and discovery has not yet commenced.  Nationstar believes the categories of

damages plaintiffs identify are highly individualized and will turn on the specific facts of

each borrower.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

**A.**     The Parties Rule 26(f) meeting was held on April 24, 2014.

**B.**     The meeting was held between Plaintiffs' attorney, Megan Lindsey of

Edelson PC, and Defendant's attorneys, Erik Kemp and Mary Kate Kamka of Severson

& Werson.

**C.**     The Parties agree to make Rule 26(a)(1) disclosures by May 8, 2014.

**D.**     The Parties propose no changes to the timing or requirement of

disclosures under Rule 26(a)(1).

**E.**     While both Parties are open to engaging in informal discovery, there are

currently no agreements to perform informal discovery.

**F.**     The Parties will attempt to reduce discovery and litigation costs, and would

agree to a unified exhibit numbering system.

**G.**     The Parties anticipate that their claims and defenses may involve

discovery of electronic information.  Plaintiffs believe such electronic information may

include the identification of repositories of relevant information containing data that may

be used to ascertain class membership, calculate aggregate class damages, and

address other class and merits issues, as well as the production of documents and files

maintained in electronic form.  Defendant does not concede that such discovery will be necessary or appropriate, but is investigating the extent to which the information Plaintiffs seek would require e-discovery.  As a result, the Parties discussed and agreed to the following:

(i).    The Parties have taken steps to preserve relevant electronically stored information;

(ii).   Defendant is presently conducting investigation into the scope of potential e-discovery. Assuming e-discovery proceeds, the Parties generally agree that an e-discovery protocol will likely be appropriate and agree to work to finalize an appropriate protocol prior to the production of any electronic documents;

(iii).  The Parties have agreed, to the extent possible, to limit the costs of electronic discovery and avoid any unnecessary delay;

(iv).   The Parties have agreed to work in good faith to avoid unnecessary disputes relating to electronic discovery, and further intend to agree on provisions in their e-discovery protocol designed to facilitate informal resolution of discovery disputes without resorting to intervention from this Court; and

(v).    The Parties discussed issues of privilege and the protection of electronic records, and currently are negotiating a stipulated protective order that will address these issues in detail.

    **H.    Settlement Discussions.** While the Parties believe that settlement discussions are premature at this time, the Parties remain open to settlement discussions at a later date.

## 7. CONSENT

The Parties respectfully do not consent to proceed before a Magistrate Judge for all matters, including trial.

## 8. DISCOVERY LIMITATIONS

**Plaintiffs' Position:** Defendant has indicated that it believes discovery should be bifurcated into class and merits-based discovery. Plaintiffs believe that the Parties should proceed with both class and merits discovery promptly after the Scheduling Conference. Class and merits issues are likely to be heavily intertwined in this case and Plaintiffs anticipate that they may require loan-level sample data (including the terms of borrower mortgage loans and proposed modifications, the length of any delay experienced, the sending of Form Letter 1 and Form Letter 2, the referral of any loans to foreclosure, the number of times borrowers have been asked to resubmit paperwork and the nature and scope of such requests, and other loan level data) to determine matters pertinent to the ascertainability of the class and the calculation of class-wide damages. Plaintiffs agree, however, not to seek personally-identifying information (such as name, address, or phone number) regarding the member of the putative Class prior to class certification.

**Defendant's Position:**  Nationstar proposes that the Court bifurcate discovery between class and merits issues.  Stage I discovery would focus on whether plaintiffs' action meets the requirements of Fed. R. Civ. P. 23 and his individual claims.  If a class were certified, Stage II discovery would focus on merits issues related to absent class members' claims for recovery—such as loan level data for individual borrowers.

Defendant proposes that the Court set a cutoff date of November 7, 2014 for

non-expert class discovery.  Defendant further proposes the Court convene a second

scheduling conference after the ruling on plaintiff's motion for class certification to

discuss further discovery and scheduling in the case.

A.	The Parties do not propose any modifications to the number of depositions

or interrogatories allowed by the Federal Rules.

B.	The Parties do not propose any modifications to the length of depositions.

C.	The Parties do not propose any modifications to the number of requests for

production or requests for admission.

D.	The Parties agree to file a Motion for Protective Order and aim to do so by

May 27, 2014.

## 9. CASE PLAN AND SCHEDULING

### A.	Deadline for Joinder of Parties and Amendment of Pleadings.

Plaintiffs propose a deadline to add additional Defendants four months following

the date of the scheduling conference. Plaintiffs propose a deadline for otherwise

amending the pleadings of 30 days following the date the Court reaches a decision on

class certification. Plaintiff further notes that Courts and litigants routinely adjust class

definitions during the certification process and even after classes have been previously

certified.

Defendant proposes that the deadline to add additional parties or otherwise

amend any pleadings be set for 120 days from the date of the scheduling conference.

Allowing amendment until the date any class certification motion is filed, as plaintiffs

propose, would unfairly prejudice Nationstar as it would present a moving target on class certification.  The allegations at issue on class certification need to be settled well in advance of the filing of any motion so the parties can appropriately focus their discovery.

### B.      Discovery Cut-Off.

**Plaintiffs' Position:** Plaintiffs propose that the Parties proceed with discovery without further delay as to both class and merits issues and complete all discovery no later than July 10, 2015. Should the Court accept Defendant's proposal and bifurcate between class and merits discovery, Plaintiff's request a class discovery cut off date of February 27, 2015.

**Defendant's Position:**  Defendant proposes that the Court bifurcate class and merits discovery.  Defendant proposes that the cutoff for nonexpert discovery be November 7, 2014.  Defendant believes that plaintiffs' proposal of July 10, 2015 may be a reasonable estimate to complete all nonexpert discovery, but believes it is difficult to predict how much discovery the parties would need to conduct at this early stage in the cases and before class certification has been decided.

### C.      Dispositive Motion Deadline.

**Plaintiffs' Position:** Plaintiffs propose that dispositive motions be filed no later than August 7, 2015. Responses shall be due no later than September 11, 2015, and replies due no later than October 2, 2015.

**Defendant's Position:** Defendant does not object to plaintiffs' proposed schedule, but respectfully suggests the Court defer setting any dispositive motion deadline until after plaintiffs' class certification motion is decided.

D.       **Expert Witness Disclosure.**

**Plaintiffs' Position:**

1.       Anticipated Fields of Expert Testimony: Plaintiffs anticipate designating experts relating to (1) the appropriateness of class certification, (2) the damages suffered by aggrieved class members, and (3) other such matters related to class certification or the merits of the case.

2.       Plaintiffs do not propose any limits on the use or the number of expert witnesses, other than those limits proposed herein or in the Federal Rules.

3.       Plaintiffs propose the names of any Plaintiff expert witness relating to issues of class certification and the subject matter of any opinion(s) that expert intends to render be disclosed on or before November 7, 2014, and that all information specified in Fed. R. Civ. P. 26(a)(2) be served on or before December 12, 2014. The Parties shall designate all experts not relating solely to class certification issues, as well as provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), on or before May 15, 2015.

4.       Plaintiffs propose that Defendant shall disclose any expert witness relating to issues of class certification on or before January 9, 2015, and serve all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 13, 2015. The

Parties shall designate all rebuttal experts not relating solely to class certification issues, as well as provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), on or before June 12, 2015.

**Defendant's Position:**

1.     Defendant anticipates disclosing experts on such topics as industry standards for loan modifications and servicing and any damages that plaintiffs may seek individually or on behalf of any class.

2.     Defendant does not propose any limitations on the use or number of expert witnesses.

3.     Defendant agrees with Plaintiffs' proposed schedule for the disclosure of experts in item no. 3..

4.     Defendant proposes that it shall disclose any expert witness relating to issues of class certification on or before January 16, 2015, and serve all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 20, 2015.  Defendant does not object to Plaintiffs' proposed schedule for the disclosure of experts on subjects other than class certification.  However, Defendant suggests the Court defer setting any trial-related deadlines until after Plaintiffs' motion for class certification is decided.

**E.     Deadline for Class Certification.**

The Parties propose that the deadline for Plaintiffs to move for class certification be March 27, 2015. Defendant's response shall be due no later than May 1, 2015, and Plaintiffs' reply due no later than May 22, 2015.

**F.     Identification of Persons to be Deposed:**

**Plaintiffs' Position:** Plaintiffs intends to depose appropriate Rule 30(b)(6) designee(s) of Defendant, as well as any other necessary officers and employees of Defendant, and appropriate third parties identified through discovery. Plaintiff also intends to depose the third-party law firms Defendant's caused to be retained to commence and prosecute foreclosure proceedings against the Scatas and other putative class members while their loans were still being reviewed for modifications and in derogation of Nationstar's express representations that it would not proceed with such foreclosures.

**Defendant's Position:**  Defendant intends to depose the Scatas and other persons identified in discovery who may have relevant knowledge.

**Deadline for Interrogatories.**

Plaintiffs propose that all written interrogatories be served no later than 33 days prior to the close of discovery, except for interrogatories related to Class experts, which must be served prior to the close of discovery.

Defendant agrees that all written interrogatories should be served no later than 33 days before the close of discovery.  Defendant does not believe it is appropriate to make any exception for class experts as interrogatories are not an expressly authorized discovery device on expert issues.

**G.     Deadline for Requests for Production of Documents and/or Admission:**

Plaintiffs propose that all requests for production or admission be served no later than 33 days prior to the close of discovery, except for document requests related to Class experts, which must be served prior to the close of discovery.

**Defendant's Position:**

Defendant agrees that all written interrogatories should be served no later than 33 days before the close of discovery.  Defendant does not believe it is appropriate to make any exception for class experts as requests for production are not an expressly authorized discovery device on expert issues.

## 10. DATES FOR FURTHER CONFERENCES

A.      Status conferences will be held in this case at the following dates and times:

_____

_____.

B.      A final pretrial conference will be held in this case on

_____ at _____ o'clock ___m. A final Pretrial Order shall be prepared by the Parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**A.**      At this time, is the Parties are not aware of any additional discovery or scheduling issues upon which they were unable to reach agreement.

**B.**      Plaintiffs anticipate that a jury trial will require approximately 10 court days if a class were certified.  The parties agree that the length of the trial will vary depending

on whether Classes are certified in this case and the scope of any such Classes. Defendant contends it is premature to accurately estimate trial length at this time but does not disagree with plaintiffs' estimate.

      **C.**      At this time, the Parties are not aware of any pretrial proceedings that may be more efficiently conducted in the District Court's other facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

      The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

      Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

      With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

      In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

      In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado this _____day of _____, 2014.

BY THE COURT:

_____
Honorable Kristen L. Mix
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| EDELSON PC | SEVERSON & WERSON |
| By:  /s/Megan Lindsey | By:  /s/ Erik Kemp |
| Megan Lindsey<br>mlindsey@edelson.com<br>999 W. 18th Street, Suite 3000<br>Denver, Colorado 80202<br>Tel: 303.357.4876<br>Fax: 312.589.6378 | Erik Kemp<br>ek@severson.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, California 94111<br>Tel: (415) 398-3344<br>Fax: (415) 956-0439 |
| Attorney for Plaintiffs MICHAEL AND<br>JEANNIE SCATA | Attorney for Defendant Nationstar Mortgage<br>LLC |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on May 13, 2014, she caused the foregoing

***[Proposed] Civil Scheduling Order*** to be electronically filed using the Court's CM/ECF

system, which will send notification of filing to counsel of record for each party.


Dated: May 13, 2014                    By:   /s/ Megan Lindsey

                                       Megan Lindsey
                                       mlindsey@edelson.com
                                       EDELSON PC
                                       999 W. 18th Street, Suite 3000
                                       Denver, Colorado 80202
                                       Tel: 303.357.4876
                                       Fax: 312.589.6378

                                       Attorney for Plaintiffs MICHAEL AND
                                       JEANNNIE SCATA