IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Michael Scata and Jeannie Scata, et. Al ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Nationstar Mortgage LCC, ) | Civil Action No. 1:14-cv-189 |
| a Delaware limited liability company ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEDVED DALE DECKER & DEERE'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Medved Dale Decker & Deere, LCC (hereinafter "Medved") by and through counsel, hereby moves to quash the subpoena directed to Medved. As grounds therefore, Medved states as follows:

### CERTIFICATE OF COMPLIANCE

Pursuant to D.C.COLO.LCivR 7.1(A), counsel conferred with Megan L. Lindsey, counsel for Plaintiff, prior to filing this Motion and Plaintiffs oppose the relief sought by this motion.

### FACTUAL BACKGROUND

Medved Dale Decker and Deere, LCC is a foreclosure law firm based in Colorado. Medved represents Nationstar in foreclosure proceeding across the state. Plaintiff's Subpoena to Testify at a Deposition in a Civil Action contains an addendum listing the topics to which Medved's agent shall testify to at the deposition. Medved objects to the list of topics in the Addendum as they violate attorney-client privilege, the work-product doctrine, and present an undue burden in retrieving such documents in preparation for testimony. Thus, the subpoena should be quashed.

### ARGUMENT

**1. AUTHORITY TO QUASH**

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), a party may command attendance at a deposition to testify to their knowledge of relevant information. However, this power is not absolute.

A Court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden." A court may modify or quash a subpoena that, inter alia, requires disclosing confidential information. Fed. R. Civ. Pro Rule 45(c)(3).

Moreover, the Court may limit the frequency or extent of the discovery otherwise allowed if it determines that "the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Fed. R. Civ. Pro Rule 26(c)(1)

### 2. IT IS PRESUMPTIVELY IMPROPER TO TAKE THE DEPOSITION OF AN OPPOSING PARTY'S ATTORNEY

Depositions of opposing counsel are presumptively improper unless the party seeking the deposition can show their need. "Depositions of opposing counsel should be limited to where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995) (*citing Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).

"Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Id.* If the party seeking the deposition cannot meet its burden on this issue, the subpoena should be quashed. *See, e.g., Phathong v. Tesco Corp. (US)*, No. 10-CV-00780-MSK-MJW, 2011 WL 860856, at *1 (D. Colo. Mar. 9, 2011); *Gwin v. Einstein Noah Rest. Grp., Inc.*, No. 10-CV-00913-REB-BNB, 2010 WL 2232364, at *1-2 (D. Colo. June 1, 2010); *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 250 F.R.D. 575, 581 (D. Colo. 2007).

Here, Plaintiffs are seeking to take the deposition of Nationstar's attorney regarding their representation of Nationstar in connection with the lawsuit filed by the Plaintiffs. Plaintiffs, not Medved, bear the burden of showing that there is no other means to obtain the information they're seeking. As the Plaintiffs have made no showing that they are unable to obtain the information by other means, the subpoena must be quashed.

### 3. THE SUBPOENA IS OBJECTIONABLE BECAUSE IT REQUIRES DISCLOSURE OF PRIVILEGED OR OTHER PROTECTED MATTER.

The subpoena also requests information that is privileged and not relevant. The attorney-client privilege protects the confidentiality of communications between an attorney and the client made for the purpose of securing legal advice. *In re Grand Jury Subpoena Duces Tecum Issued*

*on June 9, 1982, to "Custodian of Records"*, 697 F.2d 277, 278 (10th Cir.1983). The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682 (1981). The privilege encourages the client to make full disclosure to his or her attorney. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976).

A critical component of the attorney-client privilege "is whether the communication between the client and the attorney is made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence." *United States v. Lopez*, 777 F.2d 543, 552 (10th Cir. 1985). "The confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived." *United States v. Ryans*, 903 F.2d 731, 741 n.13 (10th Cir. 1990).

The subpoena requests that a Medved agent be available to testify regarding the entire foreclosure referral process, a clear violation of the attorney-client privilege. Nationstar sought the advice of Medved in determining their legal options on certain foreclosure issues. All communication between Nationstar and Medved was made in confidence, and Nationstar provided sensitive information to Medved with the expectation that confidentially remained intact. Nationstar has never waived this protection, and therefore it should be upheld.

Along with this privilege, the attorney work-product doctrine protects against the disclosure of information including the opinions, mental impressions, conclusions, or legal theories of an attorney or other representative of a party concerning the litigation. *Hickman v. Taylor*, 329 U.S. 495 (1947). The concept of work product protection is set forth in Federal Rule of Civil Procedure 26(b)(3), which states:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or buy or for that other party's representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Rule 26(b)(3).

In *Hickman*, the Court held that it is "essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman* at 510. Under the attorney work product doctrine, an attorney is not required to divulge facts developed in an effort to prepare the case for litigation. *Upjohn v. United States*, 449 U.S. 383, 398.

Medved has been subpoenaed to testify regarding information obtained solely for the preparation of litigation. Nationstar sought out the services of Medved to provide legal guidance through the foreclosure litigation process. All information was provided confidentially for the sole purpose of preparing foreclosure proceedings. This protection has not been waived.

In addition, Plaintiffs have requested information without showing any relevance to their need for Medved to testify. Plaintiffs have subpoenaed testimony that does not pertain to their underlying claim related to their loan. They seek to question Medved about any and all Nationstar files Medved may or may not have in the hope that they may find something useful to their case. The fact that some of the information may be relevant is not in itself sufficient. As the Tenth Circuit stated in *Hickman*, "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman* at 510. As the request for testimony violates the work-product doctrine, the subpoena should be quashed.

### 4. THE SUBPOENA SUBJECTS MEDVED DALE DECKER & DEERE TO UNDUE BURDEN

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), the scope of this subpoena subjects Medved to undue burden. The Plaintiffs have not shown that the information is crucial to the preparation of their case. The Plaintiffs have asked for testimony relating to all records, logs and data that Medved generates, receives or retains regarding any Nationstar loan that is referred to Medved for foreclosure. The Plaintiffs have requested testimony regarding all quality control polices and procedures relating to Nationstar accounts. The Plaintiffs have also requested testimony regarding **any and all reports, logs, records, or data** that Medved provides to Nationstar relating to loans that Nationstar has referred to Medved.

Medved objects to the scope of the subpoena. Plaintiffs have requested that an agent of Medved be available to testify to an unlimited amount of documents and work-product. No date ranges have been provided to limit the discovery. The requested testimony does not relate to the Plaintiff's underlying claim in regard to their loan. Instead, Plaintiffs seek to question Medved about any and all Nationstar loans they represent in an attempt to find a file to help their claim, which they are not even sure exists. Plaintiffs have done nothing to limit the amount of data on which it seeks a Medved agent to testify to, and as such, is unduly burdensome.

### 5. THE EXISTING PROTECTICE ORDER DOES NOT ADEQUATELY PROTECT MEDVED

As set forth above, much of the testimony requested by the Subpoena would refer to sensitive and confidential information. Medved would be greatly harmed if any such information was disclosed. Medved was not invited to participate in the drafting of the order, and it does not adequately protect Medved in relation to what the Subpoena has requested.

## CONCLUSION

For the foregoing reasons, Medved Dale Decker & Deere, LCC respectfully request that the Court quash the Subpoena to Testify at a Deposition in a Civil Action, and for an award of its reasonable attorneys' fees incurred hereunder, and for such additional relief as the court deems proper.

RESPECTFULLY SUBMITTED,

DATED this 22 day of September 2014.

MEDVED DALE DECKER & DEERE, LCC

_____
Holly L. Decker, Esq. 32647

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 22 day of September 2014, the foregoing MEDVED DALE DECKER & DEERE'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION was electronically filed to the Court and served via U.S. Mail upon the following parties:

Megan L. Lindsey, Esq.
999 18th Street, Suite 3000
Denver, CO 80202

Nationstar Mortgage LLC
c/o Mary Kate Kamka, Esq.
Severson & Werson
One Embarcadero Ctr., Suite 2600
San Francisco, 94111

_____
Holly L. Decker