IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00189-REB-KLM

MICHAEL SCATA, individually and on behalf of all others similarly situated, and
JEANNIE SCATA, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Memorandum of Points and Authorities in Support of Motion to Dismiss** [#11][1] (the "Motion"). Plaintiffs[2] filed a Response [#13] in opposition to the Motion, and Defendant filed a Reply [#14] in further support of the Motion. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition [#12]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] While the Complaint [#1] purports to bring claims on behalf of several classes, no class has been certified pursuant to Fed. R. Civ. P. 23. Accordingly, for purposes of this Recommendation, the Court addresses Plaintiffs' claims and allegations as they are asserted by Plaintiffs in their individual capacities.

1

reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#11] be **GRANTED**.

## I.  Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between parties of diverse citizenship. Plaintiffs Michael and Jeannie Scata (collectively, "Plaintiffs") are citizens of the state of Colorado, and Defendant Nationstar ("Defendant") is a limited liability corporation incorporated in the state of Delaware. *Compl.* [#1] ¶¶ 9-10.

Furthermore, the Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), which provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction . . . ."

## II.  Summary of the Case

### A.  Procedural Background

Plaintiffs initiated this lawsuit on January 22, 2014, challenging Defendant's handling of Plaintiffs' application for a home mortgage loan modification under the federal Home Affordable Modification Program ("HAMP"). *See generally Compl.* [#1]. In their Complaint, Plaintiffs assert seven counts against Defendant on behalf of themselves and various classes.[3] *Compl.* [#1] ¶¶ 94-161. The counts consist of fraudulent misrepresentation (Counts I and II); promissory estoppel (Counts III and IV); violation of the FDCPA, 15

---

[3] As noted above, the class claims have not been certified pursuant to Fed. R. Civ. P. 23.

U.S.C. § 1692e (Counts V and VI); and violation of the Colorado Fair Debt Collection Practices Act ("CFDCPA"), Colo. Rev. Stat. § 12-14-115 (Count VII). Defendant's Motion [#11] seeks dismissal of Count VII only, which is brought against Defendant under the CFDCPA.

**B.     Count VII**

Plaintiffs allege in Count VII that Defendant violated the CFDCPA by conducting business as a "collection agency" without obtaining a license. *Compl.* [#1] ¶¶ 152-161. According to Plaintiffs, the CFDCPA provides that, among other things, "[i]t is unlawful for any person to: [c]onduct the business of a collection agency . . . without having obtained a license under this article." *Compl.* [#1] ¶ 155 (citing Colo. Rev. Stat. § 12-14-115). The CFDCPA defines "collection agency" as:

> any:
> > (I) Person who engages in a business the principal purpose of which is the collection of debts; or
>
> > (II) Person who:
> > > (A) Regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another;
> > > (B) Takes assignment of debts for collection purposes;
> > > (C) Directly or indirectly solicits for collection debts owed or due or asserted to be owed or due another;
> > > (D) Collects debt for the department of personnel, but only for the purposes specified in paragraph (d) of this subsection (2).

*See Compl.* [#1] ¶ 156 (citing Colo. Rev. Stat. § 12-14-103(2)(a)).[4]

---

[4] In Count VII of their Complaint [#1], Plaintiffs cite only a portion of the definition of "collection agency." Specifically, Plaintiffs cite Colo. Rev. Stat. § 12-14-103(2)(a)(I) and Colo. Rev. Stat. § 12-14-103(2)(a)(II)(A)-(B). Accordingly, because these are the only portions of the definition on which Plaintiffs appear to rely in Count VII, this Recommendation addresses only those portions of the statute and does not discuss Colo. Rev. Stat. § 12-14-103(2)(a)(II)(C)-(D).

3

Plaintiffs allege that Defendant is a "collection agency" pursuant to Colo. Rev. Stat. § 12-14-103(2)(a), and is therefore subject to the licensing requirement of Colo. Rev. Stat. § 12-14-115. *Compl.* [#1] ¶ 156. In support of their claim, Plaintiffs allege that Defendant "operates as a servicer of residential mortgage loans owned by third parties and as an originator of mortgage loans directly to consumers." *Id.* ¶ 2. Plaintiffs also maintain that, "[a]s of September 30, 2013, [Defendant] claims to service a loan portfolio with an aggregate unpaid principal balance in excess of $375 billion. Many of its portfolios are viewed as being 'high risk' or having special servicing needs." *Id.*

Plaintiffs further argue that the term "debt collector" pursuant to the FDCPA includes loan servicers like Defendant who acquire the Mortgage Servicing Rights ("MSRs") to loans that are already in default. *Id.* ¶ 157 (citing *Garrett v. BNC Mortgage, Inc.*, 929 F. Supp. 2d 1120, 1125-26 (D. Colo. 2013)). Plaintiffs allege that "Defendant is therefore a 'collection agency' under the CFDCPA because it qualifies as a 'debt collector' under the FDCPA." *Id.*

Finally, Plaintiffs allege that Defendant conducts business as a collection agency within the state of Colorado because Defendant "acts as the Servicer for Plaintiffs' . . . loan[], including the collection of Plaintiffs' . . . loan[]." *Id.* ¶ 158. Plaintiffs aver that Plaintiffs' loan was "in default" when the MSRs for the loan were transferred to Defendant. *Id.* ¶¶ 154, 158. For these reasons, Plaintiffs argue that Defendant must comply with Colo. Rev. Stat. § 12-14-115 because it conducts business as a collection agency within the state of Colorado. *Id.* ¶¶ 158-59.

Plaintiffs seek a declaratory judgment that Defendant's actions violated the CFDCPA, statutory damages pursuant to Colo. Rev. Stat. § 12-14-113, actual damages, costs, and attorney's fees. *Id.* ¶ 161.

## C.  The Motion

Defendant filed the instant Motion to dismiss Count VII arguing that Defendant is not a "collection agency" as defined by the CFDCPA, and is therefore not subject to the CFDCPA's licensing requirement. *Motion* [#11] at 1. Defendant asserts three main arguments in support of the Motion: (1) Defendant is expressly exempt from the CFDCPA's definition of "collection agency" pursuant to Colo. Rev. Stat. § 12-14-103(2)(b)(VIII) because it is a loan servicer, *id.* at 1, 4-5; (2) the FDCPA contains different terms and regulates different entities from the CFDCPA, and therefore cases decided under the FDCPA are inapposite to this case, *id.* at 2, 5-6; and (3) the mere act of servicing Plaintiffs' loan, which was in default at the time Defendant acquired the servicing rights to the loan, does not make Defendant a "collection agency" under the CFDCPA, *id.* at 2, 6-7.

In their Response, Plaintiffs argue that the exceptions to the definition of "collection agency," as set forth in Colo. Rev. Stat. § 12-14-103(2)(b), must be alleged and proven by Defendant as an affirmative defense. *Response* [#13] at 9, 12. Plaintiffs maintain that the FDCPA's definition of "debt collector" is analogous to the CFDCPA's definition of "collection agency." *Id.* at 10-11. Plaintiffs further argue that the Court recognizes loan servicers as "debt collectors" under the FDCPA if the loans are in default when the MSRs are transferred. *Id.* (citing *Garrett*, 929 F. Supp. 2d at 1125-26). Plaintiffs argue that, because Plaintiffs' loan was in default when it was transferred to Defendant, Defendant should be construed as a "collection agency" under the CFDCPA and that such a construction is

5

consistent with the interpretation of "debt collector" under the FDCPA. *Id.* Finally, Plaintiffs argue that the determination of whether Defendant's "principal business" is the "servicing of debt not in default" pursuant to Colo. Rev. Stat. § 12-14-103(2)(b)(VIII) is a disputed question of fact. *Id.* at 9.

In its Reply, Defendant argues that the CFDCPA's exceptions to the definition of "collection agency" are not affirmative defenses, but rather are "built into the definition itself." *Reply* [#14] at 1. Defendant further argues that the CFDCPA expressly provides for an affirmative defense in a separate provision. *Id.* at 1, 5-6 (citing Colo. Rev. Stat. § 12-14-113(8), which establishes an affirmative defense based on a debt collector's or collection agency's good faith belief that the debtor was other than a natural person). Defendant maintains that "[e]xceptions to statutory definitions generally are not treated as affirmative defenses where they are incorporated within the definition and the statute separately identifies and regulates affirmative defenses." *Id.* at 5.

Additionally, Defendant argues that it is "a servicer of loans both current and delinquent, not a collection agency retained primarily to collect already defaulted assets." *Id.* at 7. Defendant asserts that it consequently falls within the statutory exception for loan servicers under Colo. Rev. Stat. § 12-14-103(2)(b)(VIII). *Id.* Defendant maintains that the plain meaning of the statute should govern—that is, that the CFDCPA does not apply to a loan servicer whose principal business is servicing loans not in default, even if the servicer also acquires loans that are delinquent. *Id.* at 3.

Finally, Defendant avers that the FDCPA and the CFDCPA are not identical, and should not be conflated. *Id.* at 2. Defendant argues that even if it were subject to the FDCPA based on the alleged facts, it is not subject to the CFDCPA. *Id.* at 1, 4.

### III. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but [the complaint] has not show[n][]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets in original; citation and internal quotation marks omitted).

### IV. Analysis

**A.    Affirmative Defenses**

In their Response [#13], Plaintiffs assert that Defendant meets the plain definition of "collection agency" under Colo. Rev. Stat. § 12-14-103(2)(a). *Response* [#13] at 9. Plaintiffs argue that they are not required, at the pleading stage, to negate every exception found in Colo. Rev. Stat. § 12-14-103(2)(b); rather, those exceptions should be alleged and proven by Defendant as affirmative defenses. *Id.* at 9, 12. Further, Plaintiffs argue that even if the exceptions identified in Colo. Rev. Stat. § 12-14-103(2)(b) are not affirmative defenses, the question of whether Defendant falls within an exception is a factual dispute, which entitles them to discovery regarding the facts supporting Defendant's position. *Id.* at 14.

In its Reply, Defendant argues that exceptions to the "collection agency" definition are not affirmative defenses. *Reply* [#14] at 5-6. Rather, the exceptions are built into the definition itself, and Plaintiffs bear the burden of pleading and proving facts that show the definition in its entirety applies. *Id.* at 1, 5.

The Court agrees with Defendant. As Defendant notes in its Reply [#14], courts have "repeatedly granted motions to dismiss on the ground that the defendant falls within an exception and is not subject to the statute." *Reply* [#14] at 6. For example, in *Schwartz v. Bank of Am., N.A.,* No. 10-cv-01225-WYD-MJW, 2011 WL 1135001, at *5 (D. Colo. Mar. 28, 2011), the Court dismissed the CFDCPA claim against the defendant, noting that the defendant appeared to fall "squarely within the [CFDCPA's] exception for lenders and loan servicers." *Cf. Garrett v. BNC Mortgage, Inc.*, 929 F. Supp. 2d at 1128 (dismissing claims brought under both the FDCPA and the CFDCPA, noting that "because the complaint alleges that [the defendant] acted only as a loan servicer in this case, and does not allege that [the defendant] acquired servicing rights after default, plaintiffs do not state a claim . . . under the FDCPA or the CFDCPA.").

To meet their pleading burden under Fed. R. Civ. P. 12(b)(6), Plaintiffs must sufficiently allege enough facts to show that Defendant is a "collection agency" within the meaning of Colo. Rev. Stat. § 12-14-103(2). *See Schwartz*, 2011 WL 1335001 at *5. Specifically, Plaintiffs must allege that Defendant is a "collection agency" as defined in Colo. Rev. Stat. § 12-14-103(2)(a), and that Defendant does not fall within the exceptions set forth in Colo. Rev. Stat. § 12-14-103(2)(b). *See id.*

### B.     CFDCPA Definition of "Collection Agency"

Plaintiffs fail to meet their pleading burden pursuant to Fed. R. Civ. P. 12(b)(6) because they do not adequately allege sufficient facts to support a claim that Defendant is a "collection agency" under Colo. Rev. Stat. § 12-14-103(2).

In relevant part, and as noted above, the CFDCPA defines "collection agency" as:

any:

>   (I) Person who engages in a business the principal purpose of which is the collection of debts; or
>
>   (II) Person who:
>   (A) Regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; [or][5]
>   (B) Takes assignment of debts for collection purposes . . . .

Colo. Rev. Stat. § 12-14-103(2)(a).

In addition, the CFDCPA explicitly enumerates several exceptions to the definition of "collection agency" in Colo. Rev. Stat. § 12-14-103(2)(b). The parties focus on one exception in particular. That exception, Colo. Rev. Stat. § 12-14-103(2)(b)(VIII), excludes from the definition of "collection agency" lenders and loan servicers of debts not in default. The statute states that a "collection agency" does not include:

> [a]ny person whose principal business is the making of loans or the servicing of debt not in default and who acts as a loan correspondent, or seller and servicer for the owner, or holder of a debt which is secured by a deed of trust on real property whether or not such debt is also secured by an interest in personal property.

---

[5] The text of the statute does not contain language specifying whether the characteristics of "collection agency" set forth in subsections (II)(A) through (II)(D) are alternative definitions or whether all characteristics must be met to fulfill the definition of "collection agency." Therefore, the Court must construe the statute and decide whether the statutory text implies "or" or "and." The Court must "construe [the] statute as a whole, giving consistent, harmonious, and sensible effect to all of its parts, and . . . not adopt an interpretation that leads to illogical or absurd results." *PurCo Fleet Servs., Inc. v. Koenig*, 240 P.3d 435, 446 (Colo. App. 2010) (citations omitted), *aff'd on other grounds*, 285 P.3d 979 (Colo. 2012). In *PurCo Fleet*, the Colorado Court of Appeals construed this same statute and concluded that the text signified alternative definitions. *Id.* at 447. Such a construction is sensible and avoids illogical results. If the characteristics of "collection agency" in Colo. Rev. Stat. § 12-14-103(2)(a)(II)(A)-(D) were conjunctive, then an entity would need to collect debts for the state department of personnel, as required under Colo. Rev. Stat. § 12-14-103(2)(a)(II)(D), to satisfy the definition of "collection agency." This result is illogical, especially because § 12-14-103(2)(a)(II)(D) limits the CFDCPA's authority over department of personnel collectors to certain express purposes. *See* Colo. Rev. Stat. §§ 12-14-103(2)(a)(II)(D) and 12-14-103(2)(d) (2014). The Court finds that the statutory text implies "or." Therefore, for purposes of this Recommendation, the Court treats subsections (II)(A) through (II)(D) as alternative definitions of "collection agency."

Colo. Rev. Stat. § 12-14-103(2)(b)(VIII).

Determining whether Defendant is a "collection agency" pursuant to the CFDCPA therefore involves a two-step inquiry. First, Defendant must fall within the scope of the definition set forth in Colo. Rev. Stat. § 12-14-103(2)(a). Second, Defendant must not fall within any of the exceptions set forth in Colo. Rev. Stat. § 12-14-103(2)(b). The Court's job at this juncture, however, is not to determine whether Defendant is a "collection agency" as a matter of law. Rather, the Court is tasked with determining whether "the allegations within the four corners of the complaint" sufficiently state a claim "upon which relief can be granted." *See Mobley*, 40 F.3d at 340; Fed. R. Civ. P. 12(b)(6).

**1. Colo. Rev. Stat. § 12-14-103(2)(a)**

Plaintiffs fail to meet their pleading burden under Fed. R. Civ. P. 12(b)(6) because they do not adequately allege sufficient facts to support a claim that Defendant is a "collection agency" under Colo. Rev. Stat. § 12-14-103(2). Plaintiffs argue that Defendant "does not dispute" their contention that Defendant "engages in collection activities on behalf of a third party or that it otherwise . . . meet[s] the plain definition of a 'collection agency.'" *Response* [#13] at 10. However, despite the implication that Plaintiffs have affirmatively made this contention, Plaintiffs have not sufficiently alleged facts to support it. Furthermore, Defendant does not bear the burden of preemptively disproving facts that have not been sufficiently alleged. The burden rests on Plaintiffs to plead facts that are sufficient to state a claim upon which relief can be granted.

Plaintiffs fail to meet this burden. First, Plaintiffs do not adequately allege that Defendant meets the plain definition of "collection agency" under Colo. Rev. Stat. § 12-14-

103(2)(a).[6] Specifically, Plaintiffs do not allege at any point that "the principal purpose" of Defendant's business is "the collection of debts" pursuant to Colo. Rev. Stat. § 112-14-103(2)(a)(I). Plaintiffs briefly mention Defendant's alleged collection practices when they explain that "[s]ervicing [loans] involves various tasks such as sending out bills, *performing collections*, properly distributing payments, managing escrow accounts, and handling the foreclosure process for defaulting borrowers." *Compl.* [#1] ¶ 11 (emphasis added). However, this fleeting reference hardly constitutes an allegation that the "collection of debts" is the "principle purpose" of Defendant's business, as required pursuant to Colo. Rev. Stat. § 12-14-103(2)(a)(I). Furthermore, although Plaintiffs provide numerous details throughout their Complaint [#1] about Defendant's alleged mishandling of Plaintiffs' loan modification application and Defendant's alleged misrepresentations concerning the foreclosure process, Plaintiffs provide scant information about Defendant's collection practices specifically, or how Defendant's "collection of debts" played a role in other alleged misconduct.

Second, Plaintiffs do not address whether Defendant "regularly" collected or attempted to collect debts, such that Defendant would qualify as a "collection agency" pursuant to Colo. Rev. Stat. § 12-14-103(2)(a)(II)(A). Throughout the Complaint [#1], Plaintiffs focus on Defendant's role as a loan servicer, not as a collector of debts. *See, e.g., id.* ¶¶ 2-4, 15, 30-32. Plaintiffs particularly emphasize Defendant's operations as a servicer of home loan modification applications under HAMP. *See id.* ¶¶ 2-3, 20. For

---

[6] As noted earlier, this Recommendation addresses only Colo. Rev. Stat. § 12-14-103(2)(a)(I) and Colo. Rev. Stat. § 12-14-103(2)(II)(A)-(B), which are the portions of the definition of "collection agency" that Plaintiffs raise in Count VII of their Complaint [#1].

example, Plaintiffs allege that Defendant mishandled Plaintiffs' HAMP application by repeatedly requesting documents that Plaintiffs had already submitted. *See, e.g., id.* ¶¶ 37, 39-40. Plaintiffs also allege that Defendant "referred [Plaintiffs'] loan to foreclosure," despite Defendant's written assurances that this would not occur during the HAMP evaluation period. *See id.* ¶¶ 52, 63, 68-69. However, as Plaintiffs suggest in their Complaint [#1], servicing loans does not necessarily equate to the regular collection of debts. *Id.* ¶ 11 ("Servicing involves various tasks such as sending out bills, performing collections, properly distributing payments, managing escrow accounts, and handling the foreclosure process for defaulting borrowers."). Despite Plaintiffs' allegations regarding Defendant's operations as a HAMP loan servicer, Plaintiffs fail to allege facts indicating that, throughout the period of time in which Defendant was servicing Plaintiffs' loan, Defendant collected or attempted to collect debts "regularly."

Third, Plaintiffs do not allege that Defendant "takes assignment of debts for collection purposes" pursuant to Colo. Rev. Stat. § 12-14-103(2)(a)(II)(B). It is apparently undisputed that Defendant acquired the MSRs to Plaintiffs' loan. *See id.* ¶ 30; *Motion* [#11] at 6; *Reply* [#14] at 2. Plaintiffs allege that "[a]n MSR is a set of servicing rights, conditions, and responsibilities that are completed by a loan servicer in return for payment. The holders of MSRs (i.e. servicers) collect fees for managing loans on behalf of investors who own the loans." *Compl.* ¶ 11. Plaintiffs further allege that Defendant acquired "the right to collect payments" from Plaintiffs when Defendant acquired the MSRs to Plaintiffs' loan. *Id.* ¶ 30. However, Plaintiffs do not allege that the debts themselves were assigned to Defendant.

### 2. Colo. Rev. Stat. § 12-14-103(2)(b)

Plaintiffs do not state a claim upon which relief can be granted because they do not sufficiently allege that Defendant is a "collection agency" under Colo. Rev. Stat. § 12-14-103(2)(a). However, to provide a more complete analysis, we turn to the exceptions to the definition of "collection agency" articulated in Colo. Rev. Stat. § 12-14-103(2)(b).

Here also, Plaintiffs fail to adequately allege that Defendant does not fall within an exception to the definition of "collection agency" pursuant to Colo. Rev. Stat. § 12-14-103(2)(b). As discussed above, the exceptions in Colo. Rev. Stat. § 12-14-103(2)(b) are part of the definition of "collection agency" in Colo. Rev. Stat. § 12-14-103(2). For purposes of resolving the instant Motion, it is not necessary to conclusively resolve the question of whether the exceptions in Colo. Rev. Stat. § 12-14-103(2)(b) are affirmative defenses because Plaintiffs do not allege in their Complaint [#1] that Defendant "fall[s] within the definition of a . . . 'collection agency'" pursuant to Colo. Rev. Stat. § 12-14-103(2)(a). *Schwartz*, 2011 WL 1135001, at \*5. Furthermore, even if the exceptions in Colo. Rev. Stat. § 12-14-103(2)(b) are affirmative defenses, it would be appropriate to consider them in a motion to dismiss if they clearly apply. *See id.* ("Based on the allegations in the Amended Complaint, it appears that [the defendants] fall squarely within the [CFDCPA's] exception for lenders and loan servicers."); *cf. Aldrich*, 627 F.2d at 1041 (holding that, although a statute of limitations is an affirmative defense, when the complaint makes clear that the statute of limitations has run, the statute of limitations question may be appropriately resolved on a motion to dismiss).

The most pertinent exception here is the exception for lenders and loan servicers found in Colo. Rev. Stat. § 12-14-103(2)(b)(VIII). This exception excludes from the

14

definition of "collection agency" "[a]ny person whose principal business is the making of loans or the servicing of debt not in default . . . ."[7] The Court applied this exception in *Schwartz*, where the Court granted the defendant's motion to dismiss the plaintiff's CFDCPA claim. *Schwartz*, 2011 WL 1135001, at *5. The Court held that, not only did the plaintiffs fail to allege that the defendants fell within the definition of "collection agency" under the CFDCPA, the defendants also fell within the exception for lenders and loan servicers under Colo. Rev. Stat. § 12-14-103(2)(b)(VIII). *Id.* Here, Plaintiffs have failed to allege that Defendant is a "collection agency" as defined in Colo. Rev. Stat. § 12-14-103(2)(a), and they do not address whether the exception for lenders and loan servicers in section 12-14-103(2)(b)(VIII) applies.

Plaintiffs make much of the fact that Plaintiffs' loan was in default when Defendant acquired the MSRs to Plaintiffs' loan. *See Response* [#13] at 10, 13. However, Plaintiffs misconstrue the exception. To fall within the exception, an entity must have a "principal business" that is either "the making of loans" or "the servicing of debt not in default." Colo. Rev. Stat. § 12-14-103(2)(b)(VIII). Simply alleging that Plaintiffs' loan was in default when Defendant acquired the MSRs to the loan, *see Compl.* [#1] ¶¶ 154, 158, is not equivalent to alleging that Defendant's "principal business" is other than making loans or servicing non-defaulted debt. *See Schwartz*, 2011 WL 1135001, at *5. Furthermore, Plaintiffs allege

---

[7] In their Response, Plaintiffs misquote the exception set forth in Colo. Rev. Stat. § 12-14-103(2)(b)(VIII). Plaintiffs incorrectly cite the exception as follows: that a "collection agency" does not include "[a]ny person whose principal business is the making or servicing of debt not in default . . ." The statute reads, "[a]ny person whose principal business is the making *of loans* or the servicing of debts not in default . . ." (emphasis added). The distinction is significant. As Judge Daniel noted, "or" signifies two distinct types of entities—lenders and loan servicers. *Schwartz,* 2011 WL 1135001, at *5.

15

in their Complaint [#1] that Defendant operates "as an originator of mortgage loans directly to consumers." *Compl.* [#1] ¶ 2. This arguably places Defendant within the exception as a "person whose principal business is the making of loans . . . ." However, even if Defendant is not within the exception as a lender, Defendant could still fall within the exception as a loan servicer "of debt not in default." The allegation that Plaintiffs' loan was in default is, alone, not sufficient to allege the nature of Defendant's "principal business," nor does it necessarily place Defendant outside the exception.

Plaintiffs argue that whether Defendant falls within the exception for lenders and loan servicers is a factual dispute that cannot be decided at this time. *Response* [#13] at 14. However, because Plaintiffs have failed to sufficiently allege facts to support their contention that Defendant is a "collection agency" pursuant to Colo. Rev. Stat. § 12-14-103(2)(a), they have failed to state a claim upon which relief can be granted. *See Schwartz*, 2011 WL 1135001, at *5 ("[m]ore significantly, however, there are no allegations in the Amended Complaint that the principal purpose of the business of either [d]efendant . . . is the collection of debts . . . ."). Even if further factual inquiry yielded information regarding whether Defendant's "principle business" is "the making of loans or the servicing of debt not in default" pursuant to the exception in Colo. Rev. Stat. § 12-14-103(2)(b)(VIII), the information would not cure Plaintiffs' insufficient allegations in the Complaint [#1] that Defendant is a "collection agency" under Colo. Rev. Stat. § 12-14-103(2)(a). *See Sutton*, 173 F.3d at 1236 ("The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").

**C.     The FDCPA does not apply**

Plaintiffs argue that Defendant is a "collection agency" pursuant to the CFDCPA because it qualifies as a "debt collector" pursuant to the FDCPA. *Compl.* [#1] ¶ 157. In relevant part, the FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiffs also argue that the Court should look to cases that interpret the FDCPA for guidance on how to interpret the CFDCPA. *Response* [#13] at 10. Plaintiffs state that "[w]hen analyzing a state statute, interpretation of an analogous federal statute is persuasive." *Id.* (citing *Udis v. Universal Commc'ns Co.*, 56 P.3d 1177, 1179 (Colo. App. 2002)). However, Defendant argues in its Reply that the CFDCPA's definition of "collection agency" should not be conflated with the FDCPA's definition of "debt collector." *Reply* [#14] at 2.

It is important to recognize that the instant Motion requests dismissal only of the CFDCPA claim, not Plaintiffs' FDCPA claims. Therefore, the Motion requires the Court only to interpret the plain language of the CFDCPA. Although the FDCPA may provide interpretive guidance, it is not determinative. It is not necessary to decide the persuasive value of the FDCPA at this juncture because Plaintiffs bear the burden of alleging facts sufficient to support each claim, including Count VII.

## V. Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Motion [#11] be **GRANTED** and that Plaintiffs' Count VII brought under the CFDCPA be **DISMISSED without prejudice**.[8]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 17, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[8] Prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues." *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990).