**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-189

**MICHAEL SCATA and JEANNIE SCATA**, individually and on behalf of all others similarly situated,

       Plaintiffs,

  vs.

**NATIONSTAR MORTGAGE LLC,** a Delaware limited liability company,

       Defendant.

---

**NATIONSTAR'S MEMORANDUM OF LAW IN OPPOSITION TO SECOND
MOTION TO CONTINUE CLASS CERTIFICATION DEADLINES**

---

## I. INTRODUCTION

Plaintiffs Michael and Jeannie Scata have not borne their burden of showing good cause for a third extension of the class certification deadlines in this case. The Scatas have not diligently pursued the pending discovery they claim is necessary to move for certification. They admit they are not qualified to represent any class. There is no reason to delay resolution of the class claims in this case any further.

Contrary to the Scatas' primary argument, the Federal Rules provide no mechanism for the Scatas to compel Nationstar Mortgage LLC to identify substitute representatives who may be able to bring the claim the Scatas cannot. The Scatas did not diligently pursue such discovery in any event as they were or should have been aware they lacked standing since the case was filed.

The Scatas also did not diligently pursue or attempt to resolve the disputes regarding ESI and sampling of customer loan files. These disputes have been outstanding since July 2014. The Scatas have already received two prior extensions to attempt to resolve these issues. Any delay in the production of ESI or sampling was caused by the Scatas' lack of interest or diligence in pursuing such discovery, not any conduct of Nationstar.

For these reasons and others detailed below, the Scatas' motion should be denied.

## II. PERTINENT FACTS AND PROCEDURAL HISTORY

### A. Mr. Scata's Bankruptcy

Before the action was filed, in December 2014, Mr. Scata filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Colorado, Case No. 13-30089-EEB. *See* Kemp Decl., Ex. 1. Mr. Scata filed bankruptcy schedules listing as a personal property asset a possible recovery in an unfiled class action lawsuit against Nationstar. *See id.*, Ex. 2.

On January 16, 2015, Mr. Scata filed a motion in the bankruptcy seeking an order requiring the Chapter 7 trustee to abandon his claim in this case, asserting it had no value to the estate. *See id.*, Ex. 3. The Chapter 7 trustee and Nationstar objected to the motion. *See* Dkt. no. 50, Exs. A-1, A-2. The motion remains pending in the bankruptcy court.

### B. Procedural History and Discovery in this Action

The Scatas filed this action in January 2014, alleging Nationstar mishandled their loan modification application and improperly referred them to foreclosure before rendering a decision on the application. The Scatas asserted claims for fraud, promissory estoppel, and violation of the Colorado and Federal Fair Debt Collection Practices Acts. *See* Dkt. no. 1. The Scatas sought to represent proposed classes of borrowers who were sent two types of form correspondence by Nationstar, asserting that they and the putative class members relied on certain representations in the letters. *Id.*, ¶¶ 83, 102-103.

On May 20, 2014, the Court held an initial scheduling conference. *See* Dkt. nos. 16, 17. At the conference, Nationstar raised Mr. Scata's pending bankruptcy and its position that Mr. Scata lacked standing. *See* Dkt. no. 20 at 24-25. The Court thereafter issued a scheduling order, setting a deadline of October 1, 2014 for the Scatas to move for class certification and a trial date of November 2, 2015. *See* Dkt. nos. 17 at 13, 18 at 3.

The parties commenced discovery. The Scatas served written discovery in June. *See* Dkt. no. 39-1, ¶ 3. Nationstar timely responded in July.

In August 2014, the parties filed a joint motion to continue the class certification deadline and various related dates. *See* Dkt. no. 29. The Court granted the motion and extended the deadline to file the class certification motion to January 14, 2015. *See* Dkt. nos. 29-31.

The parties continued to meet and confer at length regarding various discovery issues, particularly sampling and ESI. The parties exchanged multiple letters and had several telephonic conversations regarding sampling and ESI over the next several months. *See* Dkt. nos. 39-1, 39-2, 39-3, Exs. D-J, L, M.

On November 28, 2014, the Scatas filed another motion seeking to extend their deadline to move for class certification for 45 additional days, claiming additional time was necessary to resolve the disputes regarding sampling and ESI. *See* Dkt. no. 39, at 6, 8-9, 13-15.

Meanwhile, Nationstar had attempted to schedule the Scatas' depositions. The Scatas advised that Mrs. Scata was unavailable to appear for deposition as she had recently suffered a heart attack, and that she did not have any communications or correspondence with Nationstar independent of Mr. Scata in any event. The parties thus stipulated to defer the taking of Mrs. Scata's deposition. *See* Kemp Decl., ¶ 5, Ex. 4.

In December 2014, the Scatas submitted a discovery chart regarding the parties' dispute on sampling of loan files. On January 8, 2015, the Court issued an order denying the motion to compel without prejudice because the Scatas had not submitted any evidence showing a sampling of documents from 200 loan files was necessary. *See* Dkt. no. 48. The Court also granted plaintiffs' motion to continue the class certification deadline again, setting a new deadline of March 2, 2015. *See* Dkt. no. 48.

The Scatas provided Nationstar an unsworn memorandum from their expert on February 11, 2015, over a month after the hearing on the motion to compel, attempting to show a sampling of 200 files was necessary to achieve a statistically significant sample. *See* Dkt. no. 50, Ex. E-2.

On February 20, 2015, plaintiffs filed this motion seeking a third extension on their deadline to move for class certification. *See* Dkt. no. 50.

### III.  STANDARDS ON THIS MOTION

Under Fed. R. Civ. P. 16(b)(4), a "Scheduling Order may only be modified for good cause."  *Baldwin v. United States*, No. 11-CV-02033-MSK-KLM, 2012 WL 1836097, at *1 (D. Colo. May 21, 2012) (Mix, J.) (citations omitted).  The "good cause" standard "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.' "  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Baldwin*, 2012 WL 1836097, at *1 (citation omitted).  " 'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' "  *Weil v. Carecore Nat., LLC*, No. 10-CV-00799-CMA-CBS, 2011 WL 1938196, at *2 (D. Colo. May 19, 2011) (citation omitted).

### IV.  THE SCATAS HAVE NOT SHOWN GOOD CAUSE FOR A THIRD CONTINUANCE OF THE CLASS CERTIFICATION DEADLINES

**A.  The Scatas Have No Right to Substitute Replacement Class Representatives and Have Not Diligently Attempted to Do So**

The Scatas' primary argument is that an extension is warranted so they can pursue discovery to substitute new class representatives as neither is capable of representing the class.  *See* Dkt. no. 50, at 3-10. This is neither a new problem nor a sufficient ground to extend again the class certification deadlines.

### 1. The Scatas May Not Substitute New Proposed Class Representatives In Their Place

A proposed class representative cannot substitute a new class representative in his place where he never had standing in the first place.[1] Courts should not permit a "back-door attempt to begin the action anew" by allowing amendments to substitute new representatives where "the original plaintiffs were never qualified to represent the class." *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973).

The Scatas have lacked standing to pursue the claims alleged in this case since the action was filed. The Scatas thus were and are atypical representatives who were "never qualified to represent the class." *See id.* "By definition, class representatives who do not have Article III standing to pursue the class claims fail to meet the typicality requirements of Rule 23." *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 950 (10th Cir. 2003).

Mr. Scata lacks standing as he filed a petition for bankruptcy and his cause of action is thus property of the trustee. "When an individual files for bankruptcy, all interests of the debtor become property of the bankruptcy estate, including causes of action." *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1184 n. 3 (10th Cir. 2011) (*citing* 11 U.S.C. § 541(a)(1).) "The trustee of the bankruptcy

---

[1] *See, e.g., Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 560-61 (9th Cir. 2010); *Lierboe v. State Farm Mut. Auto. Ins. Co.,* 350 F.3d 1018, 1023 (9th Cir. 2003); *Foster v. Ctr. Twp. of LaPorte Cnty.*, 798 F.2d 237, 244-45 (7th Cir. 1986).

estate has the sole capacity to sue and be sued over assets of the estate." *Mauerhan*, 649 F.3d at 1184 n. 3 (*citing* 11 U.S.C. § 323(b)).

Mr. Scata filed bankruptcy before this action was filed. He scheduled this cause of action as an asset. Therefore, the cause of action is property of the bankruptcy estate, and Mr. Scata lacks standing to pursue his claims.[2]

Though Mrs. Scata is not a party to the bankruptcy, she lacks standing as well. Mrs. Scata cannot show "a causal relationship between the [alleged] injury and the challenged conduct …" in this case. *See Rector*, 348 F.3d at 942. Mrs. Scata had no independent communications or correspondence with Nationstar at all. *See* Kemp Decl., Ex. 4. She thus cannot show that she suffered any harm as a result of any representation in Nationstar's correspondence, let alone that she relied on any such representation, as necessary to pursue the Scatas' fraud and promissory estoppel claims. *See* Dkt. no. 1, ¶¶ 102-03. She lacks standing and is an atypical representative for that reason. *See Rector*, 348 F.3d at 950.

The Scatas cite no authority allowing a third party to intervene in a class action where the original plaintiffs never had standing in the first place. Their cases all concern named plaintiffs whose claims were rendered moot after the

---

[2] *See, e.g., Alakozai v. Chase Inv. Servs. Corp.*, No. CV 11-09178 SJO JCX, 2014 WL 5660697, at *14 (C.D. Cal. Oct. 6, 2014); *Rader v. Teva Parenteral Medicines, Inc.*, 276 F.R.D. 524, 529 (D. Nev. 2011).

case was filed.[3] This is not a mootness case. The Scatas did not have standing when they filed the case. They thus may not amend to add proposed representatives who do have standing. *See Lidie*, 478 F.2d at 555.

### 2. The Scatas May Not Compel Nationstar to Identify Substitute Class Representatives in Discovery

Even were any class member permitted to intervene in this case, the burden would be on any aggrieved class member to come forward on his or her own initiative. The Scatas may not "use the discovery process to go 'fishing' through defendant's list of customers to find a new class representative who might be found suitable by the district court." *Douglas v. Talk America, Inc.*, 266 F.R.D. 464, 467 (C.D. Cal. 2010). As the Tenth Circuit has explained, "[n]o court has held, in a factual context similar to this case, that counsel has a right to use the power of the courts, through the Rules of Civil Procedure to find a client who could be intervened in a suit which has no party plaintiff." *Reed v. Bowen*, 849 F.2d 1307, 1313-14 (10th Cir. 1998). Courts have repeatedly denied motions to compel discovery of absent class members' identities for purposes of finding a

---

[3] *See, e.g., In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2009 WL 3122501, at *1-2 (D. Kan. Sept. 24, 2009) (permitting addition of new class representative in light of criminal prosecution against named plaintiff); *In re Aluminum Phosphide Antitrust Litig.*, 160 F.R.D. 609, 613 (D. Kan. 1995); (noting in dicta that court may substitute class representative if "it later becomes apparent that certain types of purchasers are not adequately represented"); *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (noting substitution may be permitted where named plaintiffs settle claim).

new representative.[4]

The Scatas cite no pertinent authority granting them the right to force Nationstar to identify plaintiffs who may be able to bring claims the Scatas cannot. They rely solely on a few California state-court cases (*see* Dkt. no. 50 at 8, n. 3) applying a balancing test unique to California law.[5] The Scatas fail to cite any federal authority permitting precertification discovery of class members' contact information where the plaintiffs never had standing.

There is no such authority. Therefore, there is no reason to grant the Scatas an extension to seek discovery they have no right to pursue.

### 3. The Scatas Did Not Diligently Pursue Discovery of Absent Class Members' Identities

Assuming the Scatas' discovery were otherwise permissible, their requested extension should still be denied as they did not diligently pursue it.

Mr. Scata's inability to serve as a class representative is not a new

---

[4] *See, e.g., In re Mun. Mortgage & Equity, LLC, Sec. & Derivative Litig.*, No. MDL 08-MD-1961, 2012 WL 5471163, at *1-2 (D. Md. Nov. 8, 2012); *Douglas*, 266 F.R.D. at 467 (citing cases); *Bentley v. Verizon Bus. Global, LLC*, No. 07 CIV. 9590 (DC), 2010 WL 1223575, at *7 (S.D.N.Y. Mar. 31, 2010); *Hauff v. Petterson*, No. 1:09-CV-00639 PJK-DJ, 2009 WL 4782732, at *11 (D.N.M. Dec. 11, 2009).

[5] Even under California law, courts generally deny precertification discovery where, as here, the named plaintiffs never had standing. *See, e.g., Starbucks Corp. v. Superior Court*, 194 Cal. App. 4th 820, 828, 123 Cal. Rptr. 3d 719, 725 (2011); *Cryoport Sys. v. CNA Ins. Companies*, 149 Cal. App. 4th 627, 634, 57 Cal. Rptr. 3d 358, 362 (2007); *First Am. Title Ins. Co. v. Superior Court*, 146 Cal. App. 4th 1564, 1578, 53 Cal. Rptr. 3d 734, 744 (2007).

problem.  Mr. Scata filed bankruptcy in December 2014, over a year ago and before the case was filed.  *See* Kemp Decl., Ex. 1.  Nationstar raised the standing problem at the initial status conference in May 2014.  *See* Dkt. no. 20 at 24-25.  Hence, contrary to the Scatas' assertion, the trustee's objection to Mr. Scata's motion to compel abandonment of the claim was not an unforeseen event that suddenly rendered Mr. Scata atypical.  *See* Dkt. no. 50 at 9.  Mr. Scata knew or should have known he lacked standing from the case's inception.

Mrs. Scata was also an atypical and inadequate representative from the filing of the case.  The Scatas' claims are premised on certain representations or disclosures in form correspondence.  *See* Dkt. no. 1.  The Scatas and their counsel knew or should have discovered during their pre-filing investigation that Mrs. Scata had no communications or correspondence with Nationstar, and did not independently rely on the form correspondence they challenge.  She thus never could have represented a class of borrowers asserting fraud and promissory estoppel claims based on supposed reliance on that correspondence.  The Scatas offer no excuse for their failure to discover these facts earlier.  *See Velazquez v. GMAC Mortgage Corp.*, No. CV 08-05444DDPPLAX, 2009 WL 2959838, at *4 (C.D. Cal. Sept. 10, 2009) (substitute representatives could not intervene where plaintiffs should have been aware of lack of standing earlier).

Also, the Scatas knew that Mrs. Scata would not be able to appear at

deposition for the foreseeable future as early as November 2014. *See* Kemp Decl., Ex. 4. Nothing prevented the Scatas from serving discovery seeking to substitute class representatives at that time.

Hence, contrary to the Scatas' argument (*see* Dkt. no. 50, at 9-10), this case is no different than the Tenth Circuit's decision in *Reed*, 849 F.2d 1307. The Scatas, like the plaintiffs in *Reed*, unduly delayed in seeking discovery of absent class members' identities even assuming such discovery is permissible.

Identifying and attempting to substitute any new class representatives at this late juncture would unduly prejudice Nationstar. Trial is set for November 2, 2015. It could take months for the Scatas just to identify a new representative and attempt to intervene in the case. Even were intervention permitted, there is no practical way the parties could complete all discovery necessary for any new plaintiff and brief class certification in advance of trial, let alone mail class notice and allow sufficient time for absent class members to opt out in the event a class were certified. For this reason, too, the Scatas' motion should be denied.[6]

**B.     The Scatas Did Not Diligently Pursue Discovery Regarding Sampling**

The Scatas also argue an extension is warranted so they can pursue additional discovery regarding the sampling of putative class member loan files. *See* Dkt. no. 50 at 10-12. This argument lacks merit as the Scatas did not

---

[6] *See, e.g., Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 463 (D. Ariz. 2012).

diligently pursue discovery regarding sampling.

The sampling dispute has been outstanding since July 2014. The Scatas had more than sufficient time to negotiate a reasonable resolution of the dispute or bring it to the Court's attention. As the Eastern District of California held in denying a similar motion in a similar case brought by the Scatas' counsel against Nationstar, no further extension of the class certification deadlines is warranted to conduct sampling under these circumstances.

> Furthermore, "discovery disputes ... are a common component of any civil matter and they should be anticipated ... That this case became plagued with discovery disputes at the eleventh hour is [therefore] of no consequence and in no way excuses Plaintiff from its failure to conduct discovery diligently from the outset." [Citations.] The assigned Magistrate Judge previously warned the parties that they needed to resolve their ongoing disputes and that no further extension would be given without a showing of good cause. The record is therefore sufficient to support the Magistrate Judge's finding that Plaintiff did not act diligently in conducting discovery.

*Burton v. Nationstar Mortgage LLC*, No. 1:13-CV-00307-LJO, 2014 WL 3890103, at *3 (E.D. Cal. Aug. 4, 2014).

Here, as in *Burton*, the Scatas could have and should have anticipated the sampling dispute and attempted to resolve it earlier. The Scatas first threatened to move to compel over the production of sample loan files on July 16, 2014. *See* Dkt. no. 39-1, Ex. B. The Scatas reiterated this threat at least four times

between August and November.  *See id.*, Exs. D, F, I, L.

Nationstar repeatedly objected that the sampling request was overbroad, would invade class members' privacy rights, and would be unduly burdensome and oppressive.  *See* Dkt. no. 39-1, Exs. E, J.  Nationstar suggested that the Scatas narrow their requests to documents in the loan files that may actually be relevant to the case.  *See id.*, Ex. J.

The Scatas did not offer to limit their proposed sampling requests until November 2014.  *See* Dkt. no. 39-1, Ex. L.  Nationstar agreed to the more limited sampling categories, making the only disputed issue the number of files to be sampled.  But, the Scatas then demanded that Nationstar also sample correspondence from borrowers regarding foreclosure or default, creating another dispute that required further discussion.  *See* Kemp Decl., Ex. 5.

Even after the Scatas moved to compel in December 2014, they did not diligently pursue its resolution.  The Scatas' motion to compel was denied without prejudice on January 8, 2015.  *See* Dkt. no. 48.  Yet, the Scatas waited until February 11, 2015, over a month after the hearing, to provide an unsworn memorandum from their expert attempting to support their argument a sampling of 200 loan files was necessary.  *See* Dkt. no. 50, Ex. E-2.

At the second hearing on the Scatas' motion to compel on February 25, 2015, the Scatas voluntarily delayed resolution of the sampling dispute further,

choosing to hold a separate evidentiary hearing in lieu of submitting a written response to Nationstar's declaration substantiating the burden with responding to the Scatas' request.  *See* Dkt. no. 52.  The sampling dispute will thus not be decided until May 5, 2015, at the earliest.

In short, if the Scatas truly contend they need to review individual loan files to move for class certification, they should have attempted to resolve the dispute earlier.  The Scatas have already received two extensions to address the same issue.  The Scatas' lack of diligence in taking advantage of that time further militates against granting an additional extension.[7]

**C.     The Scatas Did Not Diligently Pursue Discovery of Internal Emails**

The Scatas also claim an extension is warranted as they need additional time to review certain emails Nationstar plans to produce shortly.  *See* Dkt. no. 50, at 12-13.  This argument, too, lacks merit.  Nationstar anticipates producing emails located through agreed-upon search terms by March 6, 2015.  Any delay in the production of such ESI was caused by the Scatas' lack of interest or diligence in pursuing it, not any conduct of Nationstar.

As with the sampling dispute, the parties have been discussing ESI since July 2014.  *See* Dkt. no. 39-1, Ex. B.  The Scatas first threatened to move to compel production over certain ESI issues on July 31, 2014.  *See id.*, Ex. C.

---

[7] *See, e.g., Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 496 (S.D. Tex. 2009); *Alholm v. Am. S.S. Co.*, 167 F.R.D. 75, 77 (D. Minn. 1996).

They later reiterated the threat, demanding that Nationstar engage in unspecified, unlimited ESI searches with regard to all of their discovery. *See id.*, Exs. C, D.

Nationstar explained that it had in fact produced ESI as the majority of its records are stored electronically, but that it would not engage in a wholesale search of all its employees' email accounts. *See* Dkt. no. 39-1, Ex. E. Nationstar invited the Scatas to provide a list of search terms on September 5, 2014. *Id.*

The Scatas did not provide search terms in connection with any discovery requests until October 13th. *See* Dkt. no. 39-1, Ex. F. Nationstar proposed a new set of search terms on November 24th. The Scatas rejected those terms on December 30th. *See* Kemp Decl., ¶ 9. Three weeks later, they reversed course and indicated that they would agree to the terms Nationstar proposed two months ago after all. *Id.*, Ex. 7.

As the above discussion demonstrates, the Scatas did not diligently pursue discovery of Nationstar's internal emails. The Scatas fail to identify any information they might obtain from those emails that would have any bearing on the motion for certification. There is thus no reason to continue the class certification deadlines for the third time based on the pending ESI production.

## V. CONCLUSION

For the reasons stated above, the Scatas' motion should be denied.

DATED: March 3, 2015          Respectfully submitted,

By:      */s/ Erik Kemp*
          Erik Kemp

John B. Sullivan
jbs@severson.com
Mark I. Wraight
miw@severson.com
Erik Kemp
ek@severson.com
Alisa A. Givental
aag@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

*Attorneys for Defendant Nationstar Mortgage LLC*

## CERTIFICATE OF SERVICE

      I, Erik Kemp, an attorney, hereby certify that on March 3, 2015, I served the above and foregoing NATIONSTAR'S MEMORANDUM OF LAW IN OPPOSITION TO SECOND MOTION TO CONTINUE CLASS CERTIFICATION DEADLINES by causing a true and accurate copy of such paper to be filed with the Clerk of the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Erik Kemp*